IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RALPH GENE LILLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DAIMLER CHRYSLER CORPORATION, ) <br> DAIMLER CHRYSLER AG, DAIMLER ) <br> CHRYSLER CORPORATION - UAW ) <br> PENSION BOARD OF ) <br> ADMINISTRATION, CHRYSLER ) <br> CORPORATION, L.L.C., CHRYSLER ) <br> HOLDING, L.L.C., and DAIMLER ) <br> CHRYSLER - UAW PENSION PLAN, ) <br> ) <br> Defendants. ) | CIVIL NO. 08-223-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Ralph Lilley filed this case under 29 U.S.C. § 1132 (ERISA) because he was denied permanent disability benefits. Lilley has worked as a member of the United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") for Chrysler's truck plant since 1976, and, during the course of his employment, he sustained several back injuries resulting in at least partial disability. He is a member of the pension plan ("Plan") administered jointly by the Union and the Corporation through the DaimlerChrysler-UAW Pension Board of Administration ("Pension Board").

Lilley filed for permanent disability with the Pension Board; his claim was denied on January 28, 2003. He filed again on May 3, 2003; that claim was denied on August 25, 2003. His appeal

of that decision was denied on February 6, 2004.

Lilley then commenced this action against DaimlerChrysler Corporation – UAW Pension Plan, DaimlerChrysler Corporation – UAW Pension Board of Administration, Chrysler Corporation, LLC, Chrysler Holding, LLC, and DaimlerChrysler AG on January 29, 2008, in Madison County, Illinois. Defendants removed to this Court on March 24, 2008.

Lilley seeks a reversal of the Pension Board determination that he was not eligible for permanent disability. In his second amended complaint (Doc. 48), he adds the claim that the Pension Board did not comply with the procedural requirements of ERISA. Lilley prays for the decision to be vacated and this issue to be remanded to the Pension Board for a rehearing following the appropriate procedures, or, in the alternative, for this Court to review his claim *de novo*.

Defendants have filed a motion for summary judgment (Doc. 36) claiming that the Pension Board's decision is subject to deferential review, only to be overturned if its decision was "arbitrary or capricious."[1] Lilley responded to Defendant's motion, but he did not file a dispositive motion of his own.

## I. FACTS.

The relevant facts are not in dispute. Lilley first injured his back in 1994 and again in 1996, finally stopping work for a period in 2001. He returned to work in October 2001 with permanent job restrictions, and, while he has chronic back problems, including degenerative disc disease, according to Defendant, at least two jobs have been available at the plant that meet his physical

---

[1] Although the motion for summary judgment was directed to the first amended complaint, the Court advised the parties on September 26, 2008 (*see* Doc. 50) that it intended to consider it as directed to the second amended complaint, and the parties were given an opportunity to file supplemental briefs.

limitations since his first job restrictions.

Several doctors have examined Lilley throughout the administrative process. The first doctor was Dr. Gornet, Lilley's treating physician. The initial Pension Board determination of this claim ruled that Lilley was not permanently disabled. The next doctor to examine Lilley was Dr. Pinada, who determined that Lilley was, in fact, permanently disabled. As discussed below, however, there are problems with Dr. Pinada's conclusions.

During the Pension Board review process, Dr. Malak (employed by DaimlerChrysler as plant physician) and Dr. Tate (employed by the Pension Board) both determined that Lilley was not permanently disabled because there were two or three jobs at the plant that Lilley could work at with the permanent restrictions agreed upon by all doctors. The Pension Board denied Lilley's last claim for permanent disability based on these opinions. He appealed this latest claim for permanent disability through a lawyer, but failed to submit any further medical information and, therefore, his appeal was denied by the Pension Board on February 6, 2004.

## II. ANALYSIS.

The standard of review for analyzing a decision by a pension board varies depending on the language of the plan. The Court may give an "informed and independent judgment" of an employee's claim for benefits, making its own interpretation of the language of the plan, analyzing any evidence presented to the administrator, and allowing new evidence to be admitted at its discretion. *Patton v. MFS/SunLife Financial Distributors, Inc.*, 480 F.3d 478, 485-6 (7th Cir. 2007) (internal citations omitted). However, clear language in the plan itself that gives the administrator "discretionary authority to determine eligibility for benefits" restricts the standard of review. Such language must give the administrator the ability assess compliance, interpret the rules, implement

the rules, and even to change them entirely. *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 639 (7th Cir. 2005). If this language exists, the Court must give due deference to the determination of the pension board.

In the present case, the Plan grants discretionary authority to the Pension Board to interpret the plan and to determine eligibility and the amount of benefits to which an employee is entitled (*see* Administrative Record, p. 0114). Under this language, this Court must use a deferential standard of review when analyzing the actions of the Pension Board. Only if a decision reached by the Pension Board is "arbitrary or capricious" should the Court conduct its own *de novo* review.

There is nothing to suggest that the Board's decision that Lilley does not qualify for permanent disability benefits was arbitrary and capricious. Even the report of Lilley's treating physician, Dr. Gornet, establishes that he is not disabled as that term is defined in the Plan. While Dr. Gornet imposed restrictions on the work Lilley could do, there were employment opportunities available to him at the plant. The Plan gave Lilley an opportunity to provide additional medical documentation, but he failed to submit anything at all.

As Defendants point out, every physician (except Dr. Pinada, discussed below) who examined Lilley from 1997 through the date of his denial of benefits found that he could work with restrictions. This does not meet the definition of disability agreed to by Chrysler and the Union in the Plan. And Dr. Pinada's opinions do not make the decision arbitrary and capricious. Lilley submitted a May 5, 2003, statement from Dr. Pinada which concludes that he suffers from "severe" degenerative disc disease. But Lilley did not submit any new diagnostic test results that Dr. Pinada either ordered himself or reviewed before he made this statement. And, even more concerning is the fact that Dr. Pinada concluded that Lilley had been disabled since October 17, 1997, the same

day that Lilley's treating physician (Dr. Gornet) found that he was able to work with restrictions and returned him to work.

In his response in opposition to Defendants' motion for summary judgment, (Doc. 52), Lilley argues that the Pension Board impermissibly reviewed its own decision denying his initial claim in violation of 29 C.F.R. § 2560.503-1(h)(3), which states in part that such a review must be conducted by: "an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual." The review process must allow the claimant at least 180 days following notification of an adverse decision in which to file an appeal. The denial notice must also inform the claimant of all information considered and the reasoning behind the decision made against him, as well as an opportunity to file additional information and reasonable access to all information considered.

In the present case, the Plan states that any additional review will be conducted by the Pension Board itself, not any other party. Furthermore, the Plan states that all appeals must be filed within sixty (60) days, as opposed to the 180 days required by statute. While this apparently violates the requirements of the statute, this minor procedural irregularity did not deny Lilley "a full and fair review" of a claim, as required by law. *See Militello v. Central States*, 360 F.3d 681 (7th Cir. 2004) (a non-uniform interpretation of the pension plan did not deprive the plaintiff of a full and fair review of his claim).

Lilley also disputes the "third physician" language contained in the Plan, arguing that the physicians were intended to be 1) the treating physician, 2) the corporate physician, and 3) a physician agreed upon by 1) and 2) if their opinions should differ. Defendants counter that the corporate physician and the Pension Board physician are the two who determine if a third physician

should be consulted, and that the treating physician has no say in the matter besides the opinion filed with the claim for benefits.

On a plain reading of the language, Defendants are correct. An employee who files a claim must attach a doctor's opinion stating that he deserves the claim. A corporate physician then reviews the employee's case and makes a recommendation to the Pension Board. The Pension Board, if it chooses, may appoint an independent physician (the Board physician) and, if the Board physician disagrees with the corporate physician, they shall agree upon a "third physician" that will serve as the final tiebreaker. It is clearly the corporate physician and the Board physician that determine whether or not a "third physician" is necessary. In the present case, it was not, as both the corporate physician and the Board physician were in agreement that Lilley was not disabled.

### III. CONCLUSION.

In light of the foregoing, the Court finds that the Pension Board did not make an arbitrary or capricious ruling when it determined that Lilley was not entitled to permanent disability benefits. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on the administrative record (Doc. 36) and **DIRECTS** the Clerk of Court to enter judgment in their favor. The parties shall bear their own costs.

**IT IS SO ORDERED.**

DATED: 2/19/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge